UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEAN LEONARD JORVELUS,

Petitioner,

v. Case No. 3:26-cv-2909-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Jean Leonard Jorvelus, an immigration detainee, initiated this action pro se by filing an Emergency Petition for Writ of Habeas Corpus (28 U.S.C. § 2241), Motion for Temporary Restraining Order, and Motion to Expedite (Doc. 1; Petition) on October 23, 2026. See generally Petition. Jorvelus is a citizen of Haiti. Id. at 1. On August 26, 2026, United States Immigration and Customs Enforcement (ICE) assumed custody of Jorvelus following his arrest by local law enforcement. Doc. 5-1 at 4, 15. An immigration judge ordered Jorvelus removed on September 16, 2026. Id. at 17. Although he reserved the right to appeal his removal order, Jorvelus did not file an appeal before the October 16, 2026, deadline. Id. at 18, 20. He seems to argue that his continued detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process

Clause as construed in Zadvydas v. Davis, 533 U.S. 678 (2001). Petition at 2. As relief, he seeks, inter alia, immediate release or a bond hearing. Id. at 1.

Insofar as Jorvelus claims that his detention is governed by 8 U.S.C. § 1226(a), he is mistaken. Because he has a final order of removal, his detention is instead governed by 8 U.S.C. § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 544 (2021) ("Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after."); see also H.A.H.L. v. Warden, Stewart Det. Ctr., No. 4:26-cv-320-CDL-ALS, 2026 WL 1408784, at *2 (M.D. Ga. May 20, 2026) ("Because a removal order has now become final, Petitioner's detention is governed by 8 U.S.C. § 1231(a)."). Thus, the statutory procedures outlined in § 1226(a) do not apply to Jorvelus.

With respect to Jorvelus's Zadvydas claim, it is due to be dismissed because it is premature. In Zadvydas, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Zadvydas, 533 U.S. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court

appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Because, when he filed this case, Jorvelus had been in ICE custody for less than 180 days after his order of removal became final, his claim under Zadvydas is not yet ripe.[1] See Akinwale, 287 F.3d at 1052 (noting the "six-month period . . . must have expired at the time [a petitioner's] § 2241 petition [i]s filed in order to state a claim under Zadvydas"). Thus, his claim is due to be dismissed. When Jorvelus's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal. Should he

[1] "An order of removal by the immigration judge . . . shall become final . . . [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time." 8 C.F.R. § 1241.1(c).

wish to file a new petition, Jorvelus must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Jorvelus must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1. Jorvelus's Emergency Petition for Writ of Habeas Corpus (28 U.S.C. § 2241), Motion for Temporary Restraining Order, and Motion to Expedite (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. Respondent Warden's request to be dismissed from the action as an improper respondent (Doc. 4) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4. The **Clerk** shall send Jorvelus a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of November, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record
Jean Leonard Jorvelus